UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

JOHN A. BRASHEAR,

    Plaintiff,

        v.

UNITED STATES OF AMERICA,

    Defendant.

Civil Action No. 11-1026 (JEB)

**MEMORANDUM OPINION**

Plaintiff John Brashear is a retired Major General in the United States military who, in 2004, was treated for mild urinary incontinence at Walter Reed Army Medical Center in Washington, D.C. He contends that, over a series of months, medical malpractice by Army doctors left him with total urinary incontinence. Brashear filed a claim with the Army, alleging that negligent care by its doctors had caused his condition. The Army denied the claim, and less than six months thereafter, Brashear filed the instant action against the United States under the Federal Tort Claims Act. Arguing that Brashear did not give the United States 90 days' notice before filing suit, as required by a District of Columbia medical-malpractice statute, the Government has now moved to dismiss the Complaint. The Court finds that Brashear did, in fact, notify the United States of his claim in accordance with District law. It will therefore deny the Motion and allow Brashear to proceed with his suit.

**I.    Background**

Between June 8 and October 25, 2004, Brashear received medical care at Walter Reed. See Compl., ¶¶ 3-4, 6. One of the doctors there initially observed "a small pinhole-sized hole in MajGen Brashear's urethral sphincter, which [h]e indicated collagen would close." Compl., ¶

1

17. According to the Complaint, the doctor, facing resistance from the clogged needle he was using, forced a large amount of collagen into Brashear's urethral sphincter. Id., ¶¶ 18-20. Soon after the procedure, Brashear began leaking much more heavily than he had beforehand. Id., ¶ 23. A couple of months later, a different doctor, who was present at the first procedure, noted that a second, much larger hole had appeared in Brashear's urethral sphincter since the previous injection. Id., ¶ 25. In spite of attempts to close the hole with a second and third collagen injection, Brashear's heavy leakage continued, ultimately leaving him totally incontinent. Id., ¶¶ 30-31.

Within two years of the alleged medical malpractice, Brashear filed a claim with the Army "for personal injuries allegedly sustained as a result of negligent medical care provided to [him] by Government health care providers at Walter Reed Army Medical Center (WRAMC) …." See Opp., Exh. 1 (Letter from Chief of Army's Tort Claims Division to Brashear's counsel). On December 8, 2010, the Army denied the claim, finding no evidence that WRAMC doctors deviated from the appropriate standard of care. Id. The Army informed Brashear that, if he wished to sue, he must do so within six months or forfeit his claim forever. Id.; see also 28 U.S.C. § 2401(b) (FTCA claim barred unless filed "within six months after date of mailing … of final denial of the claim by the agency to which it was presented").

Brashear filed the instant suit on June 3, 2011 – just under six months from the date the Army denied his claim. The action is brought against the United States under the Federal Tort Claims Act, 28 U.S.C. § 2671, which waives the United States's sovereign immunity for negligent acts committed by its agents within the scope of their employment. Compl., ¶ 1. The United States has now moved to dismiss the case for lack of subject-matter jurisdiction or failure to state a claim.

**II.     Legal Standard**

In evaluating Defendant's Motion to Dismiss, the Court must "treat the complaint's factual allegations as true . . . and must grant plaintiff 'the benefit of all inferences that can be derived from the facts alleged.'" Sparrow v. United Air Lines, Inc., 216 F.3d 1111, 1113 (D.C. Cir. 2000) (quoting Schuler v. United States, 617 F.2d 605, 608 (D.C. Cir. 1979)) (internal citation omitted); see also Jerome Stevens Pharms., Inc. v. FDA, 402 F.3d 1249, 1253 (D.C. Cir. 2005). This standard governs the Court's considerations of Defendant's Motion under both Rules 12(b)(1) and 12(b)(6). See Scheuer v. Rhodes, 416 U.S. 232, 236 (1974) ("in passing on a motion to dismiss, whether on the ground of lack of jurisdiction over the subject matter or for failure to state a cause of action, the allegations of the complaint should be construed favorably to the pleader"); Walker v. Jones, 733 F.2d 923, 925-26 (D.C. Cir. 1984) (same).  The Court need not accept as true, however, "a legal conclusion couched as a factual allegation," nor an inference unsupported by the facts set forth in the Complaint. Trudeau v. Fed. Trade Comm'n, 456 F.3d 178, 193 (D.C. Cir. 2006) (quoting Papasan v. Allain, 478 U.S. 265, 286 (1986) (internal quotation marks omitted).

To survive a motion to dismiss under Rule 12(b)(1), Plaintiff bears the burden of proving that the Court has subject matter jurisdiction to hear his claims. See Lujan v. Defenders of Wildlife, 504 U.S. 555, 561 (1992); U.S. Ecology, Inc. v. U.S. Dep't of Interior, 231 F.3d 20, 24 (D.C. Cir. 2000).  A court has an "affirmative obligation to ensure that it is acting within the scope of its jurisdictional authority." Grand Lodge of Fraternal Order of Police v. Ashcroft, 185 F. Supp. 2d 9, 13 (D.D.C. 2001).  For this reason, "'the [p]laintiff's factual allegations in the complaint . . . will bear closer scrutiny in resolving a 12(b)(1) motion' than in resolving a 12(b)(6) motion for failure to state a claim." Id. at 13-14 (quoting 5A Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure § 1350 (2d ed. 1987) (alteration in original)).

Additionally, unlike with a motion to dismiss under Rule 12(b)(6), the Court "may consider materials outside the pleadings in deciding whether to grant a motion to dismiss for lack of jurisdiction." Jerome Stevens, 402 F.3d at 1253; see also Venetian Casino Resort, L.L.C. v. E.E.O.C., 409 F.3d 359, 366 (D.C. Cir. 2005) ("given the present posture of this case – a dismissal under Rule 12(b)(1) on ripeness grounds – the court may consider materials outside the pleadings").

Rule 12(b)(6) provides for the dismissal of an action where a complaint fails "to state a claim upon which relief can be granted." When the sufficiency of a complaint is challenged under Rule 12(b)(6), the factual allegations presented in it must be presumed true and should be liberally construed in plaintiff's favor. Leatherman v. Tarrant Cty. Narcotics & Coordination Unit, 507 U.S. 163, 164 (1993). The notice pleading rules are "not meant to impose a great burden on a plaintiff," Dura Pharm., Inc. v. Broudo, 544 U.S. 336, 347 (2005), and he or she must thus be given every favorable inference that may be drawn from the allegations of fact. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 584 (2007). Although "detailed factual allegations" are not necessary to withstand a Rule 12(b)(6) motion, Twombly, 550 U.S. at 555, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (internal quotation omitted). Plaintiff must put forth "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. Though a plaintiff may survive a 12(b)(6) motion even if "recovery is very remote and unlikely," Twombly, 550 U.S. at 555 (citing Scheuer v. Rhodes, 416 U.S. 232, 236 (1974)), the facts alleged in the complaint "must be enough to raise a right to relief above the speculative level." Id. at 555.

**III.    Analysis**

Under the D.C. Medical Malpractice Proceedings Act of 2006 (MMPA), D.C. Code § 16-2801 *et seq.*, any person who plans to file a medical-malpractice suit in D.C. Superior Court is required to give the intended defendant 90 days' notice before so doing. See D.C. Code § 16-2802(c). Defendant contends both that this statute applies to the FTCA claim here and that Plaintiff failed to comply with the notice requirement; consequently, his case should be dismissed for failure to state a claim or for lack of subject-matter jurisdiction. See Mot. at 1.

In order to resolve Defendant's Motion to Dismiss, the Court must first determine whether the notice provision of the MMPA applies to FTCA actions in federal court. If so, the Court must then evaluate whether Plaintiff adequately complied with the requirement or otherwise qualifies for an exception in the statute.

A.   The FTCA and the MMPA

Plaintiff's Complaint alleges that the United States is liable under the FTCA for medical malpractice committed by its agents – *i.e.*, the doctors at Walter Reed. The FTCA waives sovereign immunity for tortious conduct committed by employees of the United States in the scope of their employment. The waiver is, however, a limited one. The United States may only be held liable "in the same manner and to the same extent as a private individual under like circumstances." 28 U.S.C. § 2674. In determining liability, courts must apply "the law of the place where the act or omission occurred." Id., § 1346(b)(1). "'[L]aw of the place' means law of the State – the source of substantive liability under the FTCA." FDIC v. Myer, 510 U.S. 471, 478 (1994). Because the United States is generally immune from suit, the Court must construe waivers of sovereign immunity narrowly – strictly applying any conditions Congress has imposed. See, e.g., Block v. North Dakota ex rel. Bd. of University and School Lands, 461 U.S. 273, 287 (1983) ("[W]hen Congress attaches conditions to legislation waiving the sovereign

5

immunity of the United States, those conditions must be strictly observed" so as not to "'extend the waiver beyond that which Congress intended'") (citation omitted); Haase v. Sessions, 893 F.2d 370, 373 (D.C. Cir. 1990) ("[W]aivers of sovereign immunity, the Supreme Court has repeatedly reminded us, must be narrowly construed.") (citation omitted).

Here, Plaintiff clearly alleges that the negligent conduct occurred at WRAMC in Washington. See Compl., ¶ 3. In light of this, Defendant contends that D.C. law – including the 90-day notice provision of the MMPA, D.C. Code § 16-2802 – must apply to Plaintiff's claim. Mot. at 7. In addition to citing the statutory language indicating that "the law of the place" governs FTCA claims, Defendant points to two cases in this District that have held that § 16-2802 applies to medical-malpractice claims premised on diversity jurisdiction. Id. at 8. Coleman v. Washington Hospital Center Corp., 734 F. Supp. 2d 58 (D.D.C. 2010), and Diffenderfer v. United States, 656 F. Supp. 2d 137 (D.D.C. 2009), both diversity cases, concluded that failure to comply with the 90-day notice requirement of the MMPA warranted dismissal of the plaintiffs' medical-malpractice claims. Coleman, 734 F. Supp. 2d at 62 (Plaintiff's "failure to notify defendants timely deprives this Court of subject matter jurisdiction"); Diffenderfer, 656 F. Supp. 2d at 139 (Plaintiff "failed to comply with MMPA's notice requirement, and is thus legally barred from proceeding against the Pharmacy Defendants in this case"); see also Davis v. Grant Park Nursing Home LP, 639 F. Supp. 2d 60, 72 (D.D.C. 2009) (Plaintiff cannot avoid MMPA's notice requirement "'merely by filing a diversity action in federal court'" (citing Bledsoe v. Crowley, 849 F.2d 639, 643 (D.C. Cir. 1988)).

By applying § 16-2802 in diversity cases, these courts held that the notice requirement of the MMPA is a substantive rule of law for Erie purposes. See Coleman, 734 F. Supp. 2d at 62; Diffenderfer, 656 F. Supp. 2d at 139, Davis, 639 F. Supp. 2d at 72; Erie R.R. v. Tompkins, 304

U.S. 64 (1938) (holding that federal courts must apply state substantive law in diversity cases). Since the language of the FTCA is unambiguous that state law applies to claims under the statute, plaintiffs bringing a federal-medical-malpractice claim against the United States under the FTCA in the District of Columbia, like similarly situated plaintiffs in diversity cases, are bound by the MMPA's notice requirement. See 28 U.S.C. § 1346(b)(1).

This conclusion is further supported by holdings in other jurisdictions that state-law requirements apply in FTCA actions. In Hill v. Smithkline Beecham Corp., 393 F.3d 1111 (10th Cir. 2004), the plaintiff argued that the district court erred in dismissing his FTCA claim due to his failure to file a certificate of review as required under Colorado law. Id. at 1116. The Tenth Circuit rejected his argument that the pre-filing requirement did not apply to his FTCA claim, stating:

> To hold that the United States is not entitled to the protection of the certificate of review requirement would place it in a differently situated position than private parties defending against professional negligence claims, thereby undermining the conditions precedent to the United States' waiver of sovereign immunity in the FTCA ….

Id. at 1118. Since the United States has only waived sovereign immunity to the extent it is treated as a private party in like circumstances would be, 28 U.S.C. § 2674, the courts may not deprive it of a benefit to which a similarly situated private party would be entitled. See, e.g., Starns v. United States, 923 F.2d 34, 37 (4th Cir. 1991) ("Since private health care providers in Virginia would 'in like circumstances' be entitled to the benefit of [Virginia's cap on recovery for medical malpractice], so, too, is a federally operated hospital in that state."); Oslund v. United States, 701 F. Supp. 710, 714 (D. Minn. 1988) (declining to apply state-law expert-affidavit requirement to FTCA claim would lead to "the anomalous result … that the federal

government would be exposed to liability when a cause of action involving similar conduct would be dismissed in a diversity case or in a state court action").

Plaintiff in this case does not dispute that state law generally applies to FTCA actions; rather, he argues that the MMPA's notice requirement is inapplicable because it conflicts with the FTCA's statute of limitations. Opp. at 10. In order to satisfy the FTCA's administrative-exhaustion requirements, a plaintiff must first present his claim to the appropriate federal agency within two years of the claim's accrual. 28 U.S.C. § 2401(b). If the agency denies the claim, the claimant has "six months after the date of mailing … of notice of final denial by the agency to which it was presented" to file an action in federal court. Id. Plaintiff contends that D.C.'s 90-day notice provision conflicts with the time limits prescribed by the FTCA, rendering it inapplicable. Opp. at 10. According to Plaintiff, applying § 16-2802 here would conflict with federal law by "impos[ing] duplicative presentment requirements" and "effectively cut[ting] the six-month FTCA statute of limitations in half." Id. at 11. The latter part of Plaintiff's contention is incorrect. The MMPA notice requirement does not shorten the FTCA statute of limitations at all. Plaintiff would still have six months from the date of denial to file a complaint if § 16-2802 applied to FTCA claims; he would simply be required, in addition, to notify the defendant of his intention to sue 90 days before doing so. The Court, accordingly, finds that Plaintiff must comply with both requirements. See Ramsey v. United States, Civil Case No. 11-1710, ECF No. 5 at 2 (D.D.C. Jan. 20, 2012) ("The 90-day notice provision is a prerequisite to suit, and operates in addition to any claim procedure requirement of the FTCA.") (citations omitted); see also Stanley v. United States, 321 F. Supp. 2d 805, 808-09 (N.D. W.Va. 2004) (more demanding state pre-filing notice requirement does not displace FTCA pre-filing requirements but operates alongside them).

B.  Compliance with MMPA Notice Provision

Having determined that the MMPA notice provision applies here, the Court must now ask whether Plaintiff has complied with it.  Plaintiff first contends that the Court should "waive any noncompliance with the notice requirement" in the interest of justice, in part because he provided the requisite notice by exhausting his claim under the FTCA.  Opp. at 5-7.   Plaintiff's waiver argument relies on the "interests of justice" exception in § 16-2804(b).  Section 2804 is entitled "Unknown defendant or unlicensed defendant" and states:

> (a) Section 16-2802 shall not apply to:
>     (1) Any intended defendant whose name is unknown or who was not licensed at the time of the alleged occurrence or is unlicensed at the time notice is given;
>     (2) Any claim that is unknown to the person at the time of filing his or her notice; or
>     (3) Any intended defendant who is identified in the notice by a misnomer.
> (b) Nothing indicated herein shall prevent the court from waiving the requirements of § 16-2802 upon a showing of good faith effort to comply or if the interests of justice dictate.

D.C. Code § 16-2804.

While Plaintiff argues that § 16-2804(b) permits the Court to excuse any noncompliance with the notice provision as long as the interests of justice dictate, the Court believes that is too broad a reading.  Section 16-2804 is entitled "Unknown defendant or unlicensed defendant." This, in combination with the fact that § 16-2802 makes an explicit exception to the notice requirement for "good faith effort" but not for the interests of justice, suggests that § 16-2804(b)'s "interests of justice" exception applies only to circumstances similar to those enumerated in § 16-2804(a) (such as circumstances where the plaintiff lacks the information necessary to give the required notice).  See INS v. National Center for Immigrant's Rights, 502 U.S. 183, 189-90 (1991) (section title "can aid in resolving an ambiguity in the legislation's text") (citations omitted); Amoco Prod. Co. v. Watson, 410 F.3d 722, 733 (D.C. Cir. 2005) (if

9

possible, court must construe statute so as to give effect to "every clause and word") (citation omitted). The Court need not decide, however, whether § 16-2804(b) applies here because Plaintiff has satisfied the notice requirement of § 16-2802 by complying with FTCA exhaustion requirements and Army regulations governing tort claims.

In his argument against dismissal, Plaintiff also asserts that, by fulfilling the FTCA's pre-filing requirements in compliance with Army regulations, he satisfied the 90-day notice provision of the MMPA. See Opp. at 6-7. Section 16-2802(a) obligates a person intending to sue a health care provider for medical malpractice to give "the intended defendant" notice of his "action not less than 90 days prior to filing the action." To satisfy the requirements of the statute, the claimant must supply "sufficient information to put the defendant on notice of the legal basis for the claim and the type and extent of loss sustained, including information regarding the injuries suffered." § 16-2802(b). The critical point here is that, unlike typical medical-malpractice claims in which a doctor or hospital is the defendant, the <u>intended defendant</u> in this FTCA case is the United States. Plaintiff contends that he provided the United States with the requisite information – and therefore satisfied the statute – when he filed a claim with the Army in accordance with FTCA exhaustion procedures. The Court agrees.

Before suing the federal government in tort, the FTCA requires the injured person to "first present[] the claim to the appropriate federal agency…." 28 U.S.C. § 2675(a); <u>see also</u> <u>McNeil v. United States</u>, 508 U.S. 106, 113 (1993) (upholding dismissal of unexhausted FTCA claim for lack of jurisdiction). Only after final disposition by the agency – <i>i.e.</i> denial of the claim in writing or failure to take final action within six months of the claim's filing – may the plaintiff bring suit in federal court. <u>Id.</u> The FTCA's presentment requirement imposes "a burden

of notice, not substantiation, of claims," and its purpose is to facilitate settlement where appropriate. GAF Corp. v. United States, 818 F.2d 901, 917, 919 (D.C. Cir. 1987).

Army regulations impose additional requirements on the claimant. To be sufficient, a claim must set forth "a sum certain" and supply "enough information to permit investigation." 32 C.F.R. § 536.26(a). The Army requests that the claim be presented on an SF-95 form, which asks for a detailed description of the "basis of [the] claim" including "the known facts and circumstances attending the damage," the identity of the persons involved, "the nature and extent" of the claimant's injuries, and the cause thereof. Id. at § 536.26(c); Standard Form 95, Claim of Injury or Death (2007) (available at http://www.justice.gov/civil/docs_forms/SF-95.pdf).

In order to determine whether Plaintiff has provided sufficient notice, the Court must look beyond the Complaint. Since Defendant has moved to dismiss for lack of jurisdiction, this is permissible. See Jerome Stevens, 402 F.3d at 1253; Venetian Casino Resort, 409 F.3d at 366. When applying state law in federal court, the Court may look to the state court's jurisprudence to determine whether a state statutory requirement is a jurisdictional prerequisite to suit. See Bledsoe, 849 F.2d at 645 (relying on Maryland Court of Appeals's holding that Maryland's arbitration requirement for medical-malpractice claims was not jurisdictional). Here, the District of Columbia Court of Appeals has determined that failure to comply with § 16-2802's 90-day notice provision divests the court of subject-matter jurisdiction. Lacek v. Washington Hosp. Center Corp., 978 A.2d 1194, 1196 (D.C. 2009) (upholding dismissal of complaint for lack of subject-matter jurisdiction where Plaintiff had not satisfied § 16-2802's 90-day notice requirement). Furthermore, the MMPA states that "an action alleging medical malpractice shall not be commenced" unless the plaintiff has provided the requisite notice under §§ 16-2802(a)-

11

(b), suggesting that compliance with the notice provision is a jurisdictional requirement. D.C. Code § 16-2802(c) (emphasis added). In light of the D.C.C.A.'s construction of the notice requirement and the language of the statute itself, the Court finds that noncompliance with the notice requirement would be a jurisdictional defect requiring dismissal. See Coleman, 734 F. Supp. 2d at 61 ("[T]he trial court must dismiss a case for lack of subject matter jurisdiction when a plaintiff does not provide the 90-day notice as required by the Act" (citing Lacek, 978 A.2d at 1201), but see Diffenderfer, 656 F. Supp. 2d at 139 ("[A] plaintiff who has not complied with the notice requirement of § 16-2802(a) has not stated a claim upon which relief can be granted."). The Court will, accordingly, look outside the pleadings to evaluate whether jurisdiction exists here. In any event, the Government never argues that Plaintiff cannot rely on the documents he filed in connection with the FTCA's administrative requirements.

While Plaintiff has not provided the Court with a copy of his agency claim, it is clear from the Army's December 8, 2010, letter denying Plaintiff's claim that it was aware of the alleged nature and cause of his injuries well over 90 days before he filed suit. The letter shows that Brashear had notified the Army that he suffered from "urinary incontinence and impotence … [allegedly] as a result of negligent medical care provided by Government health care providers" at WRAMC between June 8 and October 25, 2004. See Letter from Chief of Army's Tort Claims Division to Brashear's counsel. It further indicated that Brashear was seeking $2,000,000 from the United States for his injuries. Id. According to the letter, the Government became aware of Brashear's claim in 2008 at the latest, having explained its position on Brashear's claim to his counsel in July of that year. Id. In response, Brashear submitted an expert report, which the United States had its own expert review. Id. The Army also conducted further investigation into Brashear's claim, citing facts about his medical history, the information

conveyed to him by WRAMC personnel, and the known risks of the treatment he underwent. Id. Based on this evidence, the Army concluded that Brashear's claim was "not meritorious under the Federal Tort Claims Act." Id. Presumably referring to the statute of limitations under the FTCA, it advised Brashear's counsel that he had six months from the date of the Army's final agency action to sue in U.S. District Court. Id.

In light of the foregoing, the Court finds that Plaintiff provided "sufficient information" to the "intended defendant" to satisfy the MMPA's notice requirement. See D.C. Code §§ 16-2802(a)-(b). The United States clearly understood that Brashear was alleging that he suffered from urinary incontinence as a result of negligent medical care by employees of WRAMC. Not only did Brashear submit these allegations to the Army, but he apparently also offered an expert report in support of his position. The Government anticipated, furthermore, that the claim could lead to an action under the FTCA in federal court. Since Plaintiff put the United States on notice of his legal claim and the nature and extent of his injuries over six months before filing his FTCA action, he has satisfied the 90-day notice provision of the MMPA. Even if he did not meet the requirements due to some technicality – e.g. not citing the MMPA itself in his notice – the Court finds that he made a good faith effort to do so and accordingly excuses him from any noncompliance with §§ 16-2802(a)-(b). See D.C. Code § 16-2802(a) ("Upon a showing of a good faith effort to give the required notice, the court may excuse the failure to give notice within the time prescribed.").

## IV.   Conclusion

For the foregoing reasons, the Court will issue a contemporaneous Order denying Defendant's Motion to Dismiss.

/s/ *James E. Boasberg*
JAMES E. BOASBERG
United States District Judge

Date: March 9, 2012