UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JOHN A. BRASHEAR, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>UNITED STATES OF AMERICA, )<br>)<br>Defendant. )<br>) | Civil Action No. 11-1026 (JEB) |

## STIPULATION OF SETTLEMENT AND DISMISSAL

Plaintiff Maj. Gen. John A. Brashear (Ret.) ("Plaintiff") and Defendant United States of America ("Defendant"), by and through the United States Attorney for the District of Columbia, hereby agree and stipulate that the above-captioned civil action shall be settled and dismissed on the following terms:

1.  Settlement Payment. Defendant shall pay Plaintiff the total sum of One Hundred Thousand Dollars ($100,000). This payment shall be made by an electronic transfer of funds as specified in instructions provided to Defendant's counsel by Plaintiff's counsel in writing. Payment shall be made as promptly as practicable, consistent with the normal processing procedures followed by the Department of Justice and the Department of the Treasury, following the dismissal of the above-captioned civil action pursuant to Paragraph 2 hereof. Plaintiff and Plaintiff's counsel shall co-operate with Defendant to insure that all documentation required to process this payment is complete and accurate. This settlement payment includes full and final satisfaction of Plaintiff's claims for attorney's fees, costs and other litigation expenses in this case, and Defendant shall have no further liability for those fees, costs or expenses.

2. <u>Dismissal with Prejudice</u>. Plaintiff's counsel shall sign and deliver to Defendant's counsel a Stipulation of Dismissal with Prejudice, in the form attached as an Exhibit hereto. Defendant's counsel shall promptly sign that Stipulation of Dismissal with Prejudice and file it with the Court, and such filing shall constitute a dismissal of the above-captioned civil action with prejudice pursuant to Fed. R. Civ. P. 41(a)(1)(A)(ii). The parties understand and agree that this agreement, including all the terms and conditions of the compromise settlement herein and all additional agreements and undertakings relating thereto, may be made public in its entirety, and Plaintiff expressly consents to such release and disclosure pursuant to 5 U.S.C. § 552a(b).

3. <u>Release</u>. This Stipulation provides for the full and complete satisfaction of all claims which have been or could have been asserted by Plaintiff in the above-captioned civil action, including without limitation all claims for compensatory damages, costs, attorney's fees, and interest or other compensation for delay, and Plaintiff agrees not to hereafter assert any claim or institute or prosecute any civil action or other proceeding against the Defendant, the United States Army (the "Agency"), or any other agency or entity of the United States, its officials, or its present or former employees or agents, in either their official or individual capacities, with respect to any event complained of therein. Plaintiff hereby fully and forever releases and discharges the United States, its agencies and officials, and its present and former employees and agents, in their official and individual capacities, from any and all rights and claims of every kind, nature, and description, whether presently known or unknown, which Plaintiff now has or may have arising out of or in connection with any event occurring on or before the date on which he has executed this Stipulation, including without limitation any rights or claims under the Federal Tort Claims Act, 28 U.S.C. § 2671, as amended and currently in effect. In connection

with this release, Plaintiff acknowledges that he is aware that he may hereafter discover rights or claims presently unknown and unsuspected, or facts in addition to or different from those which he now knows with respect to the rights and claims released herein. Nevertheless, Plaintiff agrees, through this Stipulation, to settle and release all such rights and claims; provided, however, that nothing in this Stipulation shall affect any rights or claims that may arise after the date Plaintiff signs this Stipulation, except for claims involving alleged injuries that are a result of any medical treatment that occurred before the date Plaintiff signs this Stipulation.

4. <u>No Assignment</u>. Plaintiff represents and warrants that he is the sole lawful owner of all the rights and claims which he has settled and released herein, and that he has not transferred or assigned any of those rights and claims or any interest therein. Plaintiff shall indemnify, hold harmless, and defend the United States, its agencies and officials, and its present and former employees and agents, in their official and individual capacities, from and against any transferred, assigned, or subrogated interests in those rights and claims.

5. <u>No Admission of Liability</u>. This Stipulation has been entered into by Plaintiff and Defendant solely for the purposes of compromising disputed claims without protracted legal proceedings and avoiding the expense and risk of such litigation. Therefore, this Stipulation is not intended and shall not be deemed an admission by either party of the merit or lack of merit of the opposing party's claims and defenses. Without limiting the generality of the foregoing, this Stipulation does not constitute, and shall not be construed as, an admission that Defendant or any of the Agency's present or former employees or agents breached any duty towards Plaintiff, or as an admission of any contested fact alleged by Plaintiff in connection with this case or otherwise. This Stipulation may not be used as evidence or otherwise in any civil or administrative action or

proceeding against the United States or any of its agencies or officials or present or former employees or agents, either in their official or individual capacities, except for proceedings necessary to implement or enforce the terms hereof.

6. <u>Tax Consequences.</u> Plaintiff acknowledges that he has not relied on any representations by Defendant or Defendant's employees or agents as to the tax consequences of this Stipulation or any payments made by or on behalf of Defendant hereunder. Plaintiff shall be solely responsible for compliance with all federal, state, and local tax filing requirements and other obligations arising from this Stipulation that are applicable to Plaintiff.

7. <u>Entire Agreement.</u> This Stipulation contains the entire agreement between the parties hereto and supersedes all previous agreements, whether written or oral, between the parties relating to the subject matter hereof. No promise or inducement has been made except as set forth herein, and no representation or understanding, whether written or oral, that is not expressly set forth herein shall be enforced or otherwise be given any force or effect in connection herewith.

8. <u>Amendments.</u> The terms of this Stipulation may not be modified or amended, and no provision hereof shall be deemed waived, except by a written instrument signed by the party to be charged with the modification, amendment, or waiver.

9. <u>Construction.</u> The parties acknowledge that the preparation of this Stipulation was collaborative in nature, and so agree that any presumption or rule that an agreement is construed against its drafter shall not apply to the interpretation of this Stipulation or any term or provision hereof.

10. <u>Headings</u>. The paragraph headings in this Stipulation have been inserted for convenience of reference only, and shall not limit the scope or otherwise affect the interpretation of any term or provision hereof.

11. <u>Severability</u>. The provisions of this Stipulation are severable, and any invalidity or unenforceability of any one or more of its provisions shall not cause the entire agreement to fail or affect the validity or enforceability of the other provisions herein, which shall be enforced without the severed provision(s) in accordance with the remaining provisions of this Stipulation.

12. <u>Further Assurances</u>. Each party agrees to take such actions and to execute such additional documents as may be necessary or appropriate to fully effectuate and implement the terms of this Stipulation.

13. <u>Right to Cure</u>. If either Plaintiff or Defendant at any time believes that the other party is in breach of this Stipulation, that party shall notify the other party of the alleged breach. The other party shall then have thirty (30) days to cure the breach or otherwise respond to the claim. The parties shall make a good faith effort to resolve any dispute arising from or regarding this Stipulation before bringing the dispute to the Court's attention.

14. <u>Notices</u>. Any notice required or permitted to be given pursuant to this Stipulation shall be in writing and shall be delivered by hand, or transmitted by fax or by e-mail, addressed as follows or as each party may subsequently specify by written notice to the other:

    If to Plaintiff:    David Sheldon, Esq.
                             Law Offices of David P. Sheldon
                             512 8th St., SE
                             Washington, D.C. 20003
                             (202) 546-9575
                             davidsheldon@militarydefense.com

If to Defendant:      Maj. Scott DiRocco, USA
                      Litigation Attorney
                      U.S. Army Legal Services Agency
                      9275 Gunston Road
                      Fort Belvoir, VA 22060
                      (703) 693-1055
                      scott.dirocco@us.army.mil

with copy to:         J. Gowel, Esq.
                      Wynne P. Kelly, Esq.
                      U.S. Attorney's Office for the District of Columbia
                      555 Fourth Street, N.W.
                      Washington, D.C. 20530
                      (202) 307-2332 tel
                      (202) 514-8780 fax
                      Wynne.Kelly@usdoj.gov

15. <u>Execution</u>. This Stipulation may be executed in two or more counterparts, each of which shall be deemed to be an original and all of which together shall be deemed to be one and the same agreement. A facsimile or other duplicate of a signature shall have the same effect as a manually-executed original.

16. <u>Governing Law</u>. This Stipulation shall be governed by the laws of the District of Columbia, without regard to the choice of law rules utilized in that jurisdiction, and by the laws of the United States.

17. <u>Binding Effect</u>. Upon execution of this Stipulation by all parties hereto, this Stipulation shall be binding upon and inure to the benefit of the parties and their respective heirs, personal representatives, administrators, successors, and assigns. Each signatory to this Stipulation represents and warrants that he or she is fully authorized to enter into this Stipulation.

IN WITNESS WHEREOF, the parties hereto, intending to be legally bound, have executed this Stipulation on the dates shown below.

_____
Maj. Gen. John A. Brashear (Ret.)
Plaintiff

Date: 10/30/12

_____
DAVID P. SHELDON
D.C. Bar #446039
Law Offices of David P. Sheldon
512 8th St., SE
Washington, D.C. 20003

Counsel for Plaintiff

Date: 10/30/2012

RONALD C. MACHEN JR.
D.C. Bar #447889
United States Attorney

DANIEL F. VAN HORN
D.C. Bar #924092
Chief, Civil Division

_____
J. GOWEL
Special Assistant United States Attorney
WYNNE P. KELLY
Assistant United States Attorney
United States Attorney's Office for the
District of Columbia
555 Fourth Street, N.W.
Washington, D.C. 20530

Date: 11/1/12

-7-